IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **KEVIN PRIEST**<br>5605 Boones Trail Circle<br>Chesterfield, Virginia 23832<br><br>*On Behalf of Himself and*<br>*All Others Similarly Situated*<br><br>         Plaintiff,<br><br>v.<br><br>**DBI SERVICES, LLC**<br>100 N Conahan Drive<br>Hazelton, Pennsylvania 18201<br><br>Serve:  Corporation Service Company<br>100 Shockoe Slip, Floor 2<br>Richmond, Virginia 23219<br><br>         **DEFENDANT.** | CASE NO.: 3:21-cv-712<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Kevin Priest ("Plaintiff"), on behalf of himself and on behalf of other similarly situated former Virginia-based employees ("Virginia Based Class"), hereby brings this Class Action Complaint against DBI Services, LLC ("Defendant") to recover damages equaling sixty (60) days' pay and ERISA benefits arising out of Defendant's violation of the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act"). In support, Plaintiff alleges as follows:

### SUMMARY OF CLAIM

1. Plaintiff and the Virginia Based Class were employed by the Defendant to perform highway and rest stop maintenance, landscaping, and similar duties in the

Commonwealth of Virginia until they were terminated as part of a mass layoff ordered by Defendant, without any prior notice, on or about October 22, 2021.

2. The Defendant violated the mandatory notice provision of the WARN Act, requiring Defendant to give Plaintiff and the Virginia Based Class at least sixty (60) days' advance written notice of termination.

3. Plaintiff and Virginia Based Class are entitled to recover a judgment in the forum of unpaid and/or denied wages and ERISA benefits for sixty (60) days.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

5. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## PARTIES

6. At all relevant times, Defendant employed more than one hundred (100) employees, based out of yards and similar work locations throughout the Commonwealth of Virginia.

7. While employed, Plaintiff and the Virginia Based Class performed highway and rest stop maintenance, landscaping, and similar services within the Commonwealth of Virginia.

8. Plaintiff was employed by Defendant as a fulltime employee to perform fulltime highway and rest stop maintenance and similar services within the Commonwealth of Virginia for the period of about July 2021 until his layoff without cause on or about October 22, 2021.

9. While employed, Plaintiff's primary work location was at one of Defendant's yard or similar business operation location in Richmond, Virginia.

10. The Virginia Based Class and Plaintiff employed by the Defendant within the Commonwealth of Virginia until their termination without cause on or about October 22, 2021.

11. Upon information and belief, Defendant owned and operated each of the Virginia based yard or similar business operation locations where Plaintiff and the Virginia Based Class used as their primary work location for Defendant until Defendant terminated their employment on or about October 22, 2021.

12. On or about October 22, 2021, without any prior warning or notice, Defendant, as an employer covered by the WARN Act, ordered the termination of the Plaintiff's employment, together with the termination of employment of all the Virginia Based Class.

13. Defendant's termination of Plaintiff and the Virginia Based Class constituted as a mass layoff and/or plant closing as defined by the WARN Act.

14. Pursuant to the WARN Act mandate, Plaintiff and the Virginia Based Class were entitled to receive 60 days advance written notice, which should have been delivered to Plaintiff and the Virginia Based Class in or about August 2021.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

15. Plaintiff maintains this action on behalf of himself and on behalf of each member of the Virginia Based Class, pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5).

16. Each member of the Virginia Based Class is similarly situated to the Plaintiff in respect of his or her rights under the WARN Act.

17. Defendant was required by the WARN Act to give the Plaintiff and each member of the Virginia Based Class at least 60 days' advance written notice prior to their terminations.

18. Prior to their terminations, Defendant failed to provide Plaintiff, or the members of the Virginia Based Class written notice that complied with the requirements of the WARN Act.

19. Defendant has failed to pay the Plaintiff and the members of the Virginia Based Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

### CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)

20. Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the members of the Virginia Based Class who worked for the Defendant and were terminated as part of the mass layoff and/or plant closing ordered by the Defendant, as their employer, on or about October 22, 2021.

21. The Virginia Based Class is believed to exceed one hundred (100) members. As such, joinder of all members of the Virginia Based Class is impracticable.

22. Plaintiff's claims are typical of the claims of the members of the Virginia Based Class.

23. Questions of fact and law are common to Plaintiff and the members of the Virginia Based Class, and these predominate over any such questions affecting only individual members.

24. Plaintiff will fairly and adequately protect the interests of the Class.

25. Plaintiff has retained counsel competent and experienced in complex employment litigation.

26. This action proceeding Class Action is superior to other available methods to fairly and efficiently adjudicate this controversy.

27. In so far as each recently lost their job without notice, the members of the Virginia Based Class likely lack the money or the other necessary resources to thoroughly and timely prosecute their individual WARN Act claims in a lawsuit in Federal Court. As such, proceeding as a Class Action is the most cost-effective manner to vindicate the rights of Plaintiff and each member of the Virginia Based Class.

28. Questions of law and fact are common to the Virginia Based Class and these predominate over any questions solely affecting individual members of the Class. These include, but are not limited to:

(a) Whether the Virginia Based Class were employees of the Defendant who worked at or reported to any covered facility/location;

(b) Whether the Defendant was an "employer" as defined by the WARN Act.

(c) Whether Defendant, as an employer, terminated the employment of the members of the Virginia Based Class without cause on their part and without giving them sixty (60) days of advance written notice;

(d) Whether Defendant's failure to provide sixty (60) days' notice should render it liable to the Virginia Based Class for sixty (60) days' pay and benefits.

(e) Whether Defendant may rely on the WARN Acts "unforeseeable business circumstances" defense, the "faltering company" defense, or some other defense.

(f) Whether Defendant may be entitled to any reduction in its liability for exercising "good faith" in its conduct of these terminations and failure to give proper notice.

## CAUSE OF ACTION

### VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, et. seq.

29. At all relevant times, Defendant, employed 100 or more employees (exclusive of part-time workers) within the Commonwealth of Virginia.

30. On or about October 22, 2021, Defendant ordered the "mass layoff" and/or "plant closing" of one or more Virginia-based yards, business locations, and/or facilities as those terms are defined by 29 U.S.C. § 2101(a).

31. Plaintiff and the Virginia Based Class terminated by Defendant as a result of Defendant's ordering the mass layoff and/or plant closing at these facilities on or about October 22, 2021, were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

32. Plaintiff and each member of the Virginia Based Class are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

33. The mass layoff and/or plant closing of all Virginia-based yards, business locations, and/or facilities resulted in "employment losses," for Plaintiff and all members Virginia Based Class as that term is defined by the WARN Act for at least fifty (50) of the Virginia Based Class, as well as 33% of Defendant's Virginia-based workforce, excluding "part-time employees," as that term is defined by the WARN Act.

34. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 *et. seq.*, Defendant was required to provide at least sixty (60) days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

35. Defendant failed to provide at least sixty (60) days' prior notice before terminating the Virginia Based Class, and it failed to provide a notice or notices setting forth the

basis for this reduced notice, as required by the WARN Act.

36. Defendant failed to pay Plaintiff and each member of the Virginia Based Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

37. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Virginia Based Class damaged in an amount equal to the sum of the Virginia Based Class unpaid wages, PTO, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

WHEREFORE, the Plaintiff and Virginia Based Class demand judgment against the Defendant as follows:

a. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Virginia Based Class constitute a single class;

b. An amount to Plaintiff and each member of the Virginia Based Class equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

c. An amount equal to the sum of accrued but unpaid vacation as of the termination date of Plaintiff and the Virginia Based Class;

d. Interest as allowed by law on the amounts owed per the preceding paragraphs;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;

f. Appointment of the undersigned attorneys as Class Counsel;

g. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

h. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and facts so triable in this case.

Dated: November 11, 2021        Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, VA Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

/s/  Matthew T. Sutter
Matthew T. Sutter, VA Bar No. 66741
Sutter & Terpak, PLLC
7540 A Little River Turnpike, First Floor
Annandale, Virginia 22003
(703) 265-1800
Email: Matt@SutterandTerpak.com

*Attorneys for Plaintiff and the Class*